## Stewart v. Cincinnati Cadillac Company.

(Decided June 19, 1925.)

### Appeal from Kenton Circuit Court
### (Common Law and Equity Division).

1. Estoppel—Employer held Not Estopped to Assert Title to Car Used by Salesman as Against Attachment Creditor.—Where auto salesman had no interest in car of his employer, which he was permitted to use, save as a bailee, employer held not estopped to assert its title as against attachment creditor of salesman by salesman's exhibition to such creditor of a bill of sale to the car, wrongfully obtained, where attachment creditor had not parted with anything on faith of salesman's ownership of car, and had not changed his position or suffered loss thereby.

2. Attachment—Creditor's Attachment of Car Belonging to Debtor's Employer Constituted a Conversion, Rendering Creditor Liable for Reasonable Value of Car.—Where auto salesman had no interest in car of his employer, which he was permitted to use, save as bailee, creditor's attachment of the car for a debt owed by salesman constituted a conversion, rendering attachment creditor liable to employer for reasonable value of the car.

M. H. McLEAN for appellant.

FREIBERG, AVERY & SIMMONDS, MAURICE L. GALVIN, FREIBERG & GEOGHEGAN and JOHN L. RICH for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

One Costello was a salesman in the employ of the Cincinnati Cadillac Company in April, 1921. The company was engaged in marketing automobiles. Before that time it accepted in exchange for one of its new cars a second-hand Ford coupe. In calling upon prospective purchasers Costello was permitted to use the second-hand Ford coupe. He learned through the Ford agency in Cincinnati that he could exchange the old coupe for a new one upon fair terms, and he reported this fact to the president of the Cadillac Company and was instructed to make the trade. In doing so Costello took the bill of sale for the new car to himself and executed a note to the Ford Company for the balance of the purchase price, after turning in the old coupe for a fair sum. On learning this the president of the Cadillac Company called the Ford sales agent and asked that the bill of sale for the new coupe be changed from Costello to the Cadillac Company, and this the Ford agency agreed to do if assented to by Costello. Costello gave his consent and the Cadillac Company sent check for the entire balance of the purchase price, after taking credit for the old coupe, and Costello's note was canceled and a new bill of sale issued to the Cadillac Company for the new Ford coupe.

While Costello had the bill of sale for the new coupe and was using it in his employment as agent for the Cadillac Company, he exhibited the bill to appellant, Stewart, who was then surety on a note of $500.00 for Costello to a bank and which note Stewart soon thereafter paid for Costello. After paying the note Stewart instituted an attachment suit against Costello in the Kenton circuit court to recover the $500.00 paid by him as surety and as incident thereto sued out a general order of attachment and had it levied upon the new coupe in the possession of Costello as the property of appellee, Costello. Costello did not defend, and judgment went against him. The attachment was sustained and sale ordered. Before the sale one of the agents of the Cadillac Company informed the sheriff who had charge of the sale that the Ford car belonged to the Cadillac Company and not to Costello. All these facts are admitted.

The coupe was sold, appellant Stewart became the purchaser and took charge of it and was using it in his business. Upon these facts appellee, Cadillac Company, instituted this action in the Kenton circuit court against Stewart for the conversion of its coupe, alleging that it was the owner and that Stewart took charge of it and converted it to his own use, and that it was of the reasonable value of $750.00, and praying judgment against Stewart for that amount plus $100.00 damages for the wrongful detention. Stewart denied the Cadillac Company was the owner of the coupe and averred that Costello was the owner of the car and that if this was not true that appellee, Cadillac Company, by its conduct in permitting Costello to hold possession of the coupe and to have a bill of sale thereon and to claim it, was estopped by such conduct to assert ownership against Stewart, who had bought the car in good faith, pursuant to a judgment at a public sale. Other pleadings made up the issues.

The question was upon the plea of estoppel made by Stewart against the Cadillac Company. All the evidence shows that the car was purchased and paid for with the property and money of the Cadillac Company, and that Costello had no interest in it save as bailee of the Cadillac Company. He was only permitted to use it. It is likewise admitted that Costello wrongfully obtained a bill of sale from the Ford agency for the coupe and that he exhibited this bill to Stewart. The question then is, was the Cadillac Company estopped by these facts to assert its title to the coupe as against Stewart, to whom Costello had exhibited the bill of sale? We must answer this question in the negative, and more than one good reason could be assigned. We think, however, it will be sufficient to say that as appellant Stewart had not parted with anything upon the faith of Costello's ownership of the new coupe, although the bill of sale had been shown to him by Costello, and Stewart has not changed his position or suffered loss thereby, he is in no position to complain and cannot invoke estoppel against the company, the true owner. Stewart signed the note of Costello as surety to the bank long before the coupe was purchased and the bill of sale issued to Costello. Later, as we read the evidence, after the purchase of the coupe by the Cadillac Company, Stewart was required to pay the note for Costello. He did not, however, contract this ob-

ligation on the faith of Costello's ownership of the coupe, nor did he pay the money to the bank because Costello exhibited to him a bill of sale for the Ford coupe; that was done because of a previously subsisting obligation. There was, therefore, no element of estoppel in favor of Stewart as against the Cadillac Company.

The law and facts were submitted to the court and it awarded the Cadillac Company judgment for $750.00 against Stewart, and it is from that judgment this appeal is prosecuted.

Appellant insists in brief that there are but two questions in the case and he states them as follows: (1) Was Costello, the purchaser of the automobile in controversy, and, if so, did he obtain title in himself by and through such purchase? and (2) did Costello, after the purchase and prior to the levy of the attachment on the automobile in question, make a sale of the automobile to the appellee, and was there such change, or any change, in the possession of the automobile after such sale as complied with the provisions of section 1908, Kentucky Statutes?

As between Costello and the Cadillac Company he was never the owner of the Ford coupe. The only payment he made on it was by the used car, the property of appellee, Cadillac Company. Admittedly Costello was not the owner or claimant of the car at the time the attachment sued out by Stewart was levied upon it. The title of the car at that time as well as all prior equities thereto was in the Cadillac Company. The attachment sued out against the property of Costello was in fact levied upon the property of the Cadillac Company. The attempted sale under that attachment did not pass the title of the Cadillac Company to Stewart. Therefore, without title, Stewart converted the car to his own use and is in consequence liable to the Cadillac Company for its reasonable value.

The lower court having so held its judgment is affirmed.

Judgment affirmed.